**HILLSBOROUGH INVESTMENT COR-
PORATION et al., Defendants,
Appellants,**

**v.**

**SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff, Appellee.**

No. 5578.

United States Court of Appeals
First Circuit.

April 8, 1960.

Rehearing Denied May 3, 1960.

Stanley M. Brown, Manchester, N. H., with whom McLane, Carleton, Graf, Greene & Brown, Manchester, N. H., was on the brief, for appellants.

Joseph B. Levin, Asst. Gen. Counsel, Washington, D. C., with whom Thomas G. Meeker, Gen. Counsel, and Peter H. Morrison, Atty., Securities and Exchange Commission, Washington, D. C., were on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of New Hampshire that permanently enjoined, pending further order of the court, defendants Hillsborough Investment Corporation and Roger M. Mara (hereinafter referred to as Hillsborough and Mara respectively) from using the facilities of interstate commerce or the mails to sell or offer to sell or to carry through the facilities of interstate commerce, or through the mails, any of the securities of Hillsborough unless and until a registration statement had been filed with the Securities and Exchange Commission (hereinafter referred to as the SEC) as to such securities.

The main question with which we are concerned in this appeal is whether the district court abused its discretion in the granting of the order. We believe that it did not.

A complaint was filed by the SEC alleging that Hillsborough, Mara, and Charles Samra [1] were violating and about to violate Sections 5(a) and 5(c) of the Securities Act of 1933, 48 Stat. 74 (1933), as amended, 15 U.S.C.A. §§ 77e(a), (c) and seeking an injunction against future violations pursuant to Section 20(b), as amended, 15 U.S.C.A. § 77t(b). [2] A hearing was held on the SEC's motion for a preliminary injunction, which was granted as to various securities that had been previously authorized and issued by Hillsborough.

The evidence showed that a number of sales of securities had been made to non-residents of New Hampshire, either directly or by listing the security in the name of a New Hampshire resident for a period of twenty or thirty days and then transferring the security to the

---

1. Charles Samra was not enjoined by the district court and is not a party to or concerned in this appeal.

2. "§ 77e. *Prohibitions relating to interstate commerce and the mails.*

"(a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—

"(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

"(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

     *    *    *    *    *

"(c) It shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under section 77h of this title."

"§ 77t. *Injunctions and prosecution of offenses.*

     *    *    *    *    *

"(b) Whenever it shall appear to the Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this subchapter, or of any rule or regulation prescribed under authority thereof, it may in its discretion, bring an action in any district court of the United States or United States court of any Territory, to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond. * * * "

non-resident. The district court held that these sales to non-residents rendered the exemption under Section 3(a)(11) of the Act, 15 U.S.C.A. § 77c(a)(11) [3] unavailable, and that sales of securities of the same issues after the loss of the exemption even to residents of New Hampshire without filing a registration with the SEC constituted violations of the Act. The appellants do not contend that this statement of the law is erroneous, or that the district court did not have discretionary power to enjoin the use of interstate commerce facilities or the mails by Hillsborough and Mara in connection with the sale of any more securities of the issues which had been sold to non-residents.[4]

After the issuance of the preliminary injunction Hillsborough in order to "continue in business without the impediment of an injunction hanging over its head," authorized the issuance of allegedly new securities (consolidated common stock and 7% notes of the issues of 1959). These securities were to be exchanged for securities of the issues subject to the injunction held by New Hampshire residents, and were subordinated to the securities held by non-residents which could not be exchanged without losing the claimed exemption of the newly authorized securities. The excess of the amount authorized over that necessary to effect a complete exchange was to be sold, but only to residents of New Hampshire. This program of exchange and offering for sale the newly authorized securities was already underway at the time of the hearing on the motion for a permanent injunction.

The district court found that this plan of Hillsborough constituted "an open and calculated attempt to avoid the preliminary enjoining order issued by this court" [176 F.Supp. 790] and concluded that a permanent injunction should issue to prevent such evasion.

The question before us of the correctness of the district court's issuance of the broad injunction against any securities of Hillsborough involves the issues of the power of the district court to grant such an order and of the presence of circumstances in the instant case justifying its issuance here.

██ The principles conceded by both parties to be controlling in regard to the district court's power to issue such an injunction are those expressed in National Labor Relations Board v. Express Pub. Co., 1941, 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930. There the Supreme Court stated: "A federal court has broad power to restrain acts which are of the same

**3.** "§ 77c. *Exempted securities.*

"(a) Except as hereinafter expressly provided, the provisions of this subchapter shall not apply to any of the following classes of securities:

    *      *      *      *

"(11) Any security which is a part of an issue offered and sold only to persons resident within a single State or Territory, where the issuer of such security is a person resident and doing business within or, if a corporation, incorporated by and doing business within, such State or Territory. * * * *"

**4.** The district court by its preliminary injunction in addition to enjoining the use of mails or interstate commerce facilities for securities some of which issue had been sold, also enjoined the use of such facilities in regard to the preferred stock, of which it found none had been sold to non-residents. The basis for this inclusion of the preferred stock in the prohibition was the district court's conclusion that a sufficient possibility of future sales of this stock to non-residents existed. The statute authorizes the issuance of an injunction against acts or practices which constitute or will constitute, if committed, violations of the Act. The use of the mails and interstate facilities is not a violation of the Act, however, as long as the security is exempt under Section 3(a)(11). The injunction as it related to the preferred stock was not limited to the circumstances which would constitute a violation, that is, the use of the mails or interstate facilities once the preferred stock had been offered or sold to a non-resident. However, it is not necessary for us to decide the correctness of this portion of the preliminary injunction, since appellants do not raise the question and, indeed, cure any possible defect by their admission that the preferred stock also was sold to non-residents.

type or class as unlawful acts which the court has found to have been committed or whose commission in the future unless enjoined, may fairly be anticipated from the defendant's conduct in the past." Id. 312 U.S. at page 435, 61 S.Ct. at page 699.

The permanent injunction is directed against violations of the Act by sales of securities without registration. The evidence supports the district court's conclusion that appellants had violated these provisions of the Act. The district court clearly has the power to issue an injunction designed to prevent future violations of the registration and disclosure provisions of the Act.

The appellants have argued that the newly authorized securities are entirely new issues and that they are exempt under Section 3(a) (11); and that, therefore, the district court was in error in enjoining the use of the mails and interstate facilities in connection with the sale of these securities until the securities were registered with the SEC.

■ The district judge found, however, that the newly authorized securities differed only in a small degree from the enjoined securities, and the "recapitalization" was an attempt at substitution. This finding is not clearly erroneous, and the consequences of an attempted substitution must be considered.

■ Under the statutory scheme as construed, an entire issue must be sold only to residents or the exemption is lost, and once the exemption is lost, the use of interstate facilities in any sale, to resident or non-resident without registering the security is a violation of the Act. Provisions for injunctions against future violations by the use of interstate facilities are set forth in the Act, and make available the processes of civil contempt.

An issuer that has lost the exemption as to one issue of securities by a non-resident sale, does not have the opportunity to regain the legal use of interstate facilities or the mails by halting the non-resident sales and confining itself to sales to residents. But this is just what appellants seek by means of the substitute capitalization plan. Appellants' changes in the authorized securities and plans for the substitution of capitalization and their claim of exemption is an attempt to do indirectly what the statutory provisions do not allow.

■ The sale of securities which are only substitutes for the issues involved in non-resident sales is, in effect, merely a continuation of the sale of the no longer exempt securities, and consequently a violation of the Act. The inclusion of "any of the securities of the Hillsborough Investment Corporation" in the injunction might well be necessary to forestall further attempts by the appellants to avoid the consequences of their past sales to non-residents, i. e. that they must not use interstate facilities and the mails in connection with the sales of such securities until the securities have been registered with the SEC. We think that the district court was correct in broadening the injunction to prevent an evasion of the preliminary injunction and to insure compliance with the provisions of the Act. See McComb v. Jacksonville Paper Co., 1949, 336 U.S. 187, 192–193, 69 S.Ct. 497, 93 L.Ed. 599.

■ Under the injunction entered by the district court appellants are able to go into court and seek a modification of the order by way of exception if Hillsborough desires to authorize additional capital financing that is not merely a substitute for the properly enjoined securities, and consequently no violation of the statute would be committed by the use of the mails or interstate facilities in the sale of such securities to New Hampshire residents. See McComb v. Jacksonville Paper Co., supra, 336 U.S. at page 192, 69 S.Ct. at page 500.

There was ample evidence that the defendants violated the Act and that they contemplated a plan of sales which also would be violations of the Act. The trial judge was justified in his discretion in issuing the permanent injunction in the form in which he did.

Judgment will be entered affirming the judgment of the district court.